·JESSE CRAWFORD *v.* N. GRAVES et als.

A foreign administrator, who has qualified in a court of competent jurisdiction, has the right to sue for property brought into this State, belonging to the succession which he administers.

APPEAL from the District Court of the Parish of Washington, *Wilson,* J. *R. & H. Marr,* for plaintiff and appellant. *E. P. & T. C. W. Ellis,* for defendants and appellants.

MERRICK, C. J. This case is very similar to the case of *Wingate* v. *Wheat*, reported in 6 An. 238.

The defendants are the children and heirs-at-law of *Mrs. Terry Crawford*, deceased, late wife of the plaintiff, by her previous marriage with *Benjamin Magee*, deceased.

This action is in the nature of a possessory action to recover certain slaves owned by the deceased, *Mrs. Crawford*, which were removed from the domicil by herself and husband, in the State of Mississippi. The plaintiff, after her decease, and, as alleged, prior to the removal or absconding of the negroes, had obtained letters of administration upon her estate.

The defendants deny that plaintiff was appointed and qualified as administrator.

The plaintiff applied to the Probate Court of Pike County, Mississippi, for letters of administration upon his wife's estate, and it was ordered that letters should issue, on taking the oath and giving bond in the sum of $12,000.

The bond was given, but the record does not furnish any copy of the oath; nevertheless, the letters issued.

We must presume that the condition upon which the letters were to be granted, had been complied with, or they would not have issued. Perhaps in Mississippi the oath is administered orally.

A court of competent jurisdiction has granted the letters of administration, and we have no means of revising its proceedings.

It is again urged, that his quality of administrator has never been confirmed or recognized by any competent court in Louisiana. It was not necessary. The property belonged to a succession legally opened in the State of Mississippi, in the county of the domicil of the intestate and her husband. The court of this domicil had jurisdiction of all the property of the intestate situated there, and consequently over the negroes which belonged to the deceased at the time of her death. The letters of the administration granted by such competent court were a title under which the plaintiff could protect his possession of all property confided to his care, by the court of the domicil and *rerum sitarum*.

This *title* for administration being legal, when granted, gives its possessor power to pursue and recover the property when abstracted from his possession and carried into other countries. 2 N. S. 20.

He does not recover in a representative capacity, but in his personal capacity, because he is bound to account for the property so entrusted to him. 6 An. 238; 1 An. 48; 8 An. 369.

Again: it is urged that the laws of Mississippi are not offered in evidence, and, therefore, it must be assumed, that the defendants are the forced heirs of *Mrs. Terry Crawford*, deceased, and as such, were seized and possessed of the negroes in controversy, as part of her estate, from the date of her death. If so, it is then argued by the defendants, they have their mother's right of possession and her right to institute all actions, even possessory ones, and as a consequence, no possessory action can lie against them. They further urge, that there are no debts against the succession, and the court is called upon to do a vain thing, as the property must be immediately returned to them by the administrator.

The argument appears to us far from conclusive. The administrator has the custody of the property entrusted to him by a decree of a competent tribunal, to which he is bound to account. This legal custody necessarily excludes the corporeal possession of the heir residing in another jurisdiction.

It cannot be a vain thing to restore the possession of property to those who have been wrongfully deprived of the same. They ought not to be forced to account to any other jurisdiction than that which has conferred the power, and which holds the obligation of the administrator to account.

Moreover, it is important that our citizens should understand, that nothing can be gained by the direct or constructive invasion of the legal rights of those residing beyond our borders. This property must be returned to the State of Mississippi, to be administered and disposed of according to the law of the domicil of the deceased.

The proof does not show any direct agency of the defendants, in removing the property from Mississippi. But their refusal to return the negroes to the plaintiff, makes them as much responsible civilly, as if they had been guilty of the criminal offence of enticing away or clandestinely removing the slaves to the State of Louisiana.

The proof fixes the value of the services of the slaves at fifty dollars per month. If the laws of Mississippi give the defendants the rights which they allege, the administrator will doubtless be held to account for the hire of the slaves which he receives. But he is entitled to recover, in order that he may account.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed; and it is now here ordered, adjudged and decreed, that said plaintiff do recover of the said defendants, the possession of the said slaves *Jacob, Dick, Harry, Leah, John, Eliza, Samantha, Milly, Isham, Rachel, Emily, Esther, George, Bob* and *Mariah*, and further recover of the defendants, *in solido*, the sum of fifty dollars per month, for the hire of said slaves, from the 30th day of August, 1858, until said slaves are delivered to the plaintiff. And it is further ordered, that the defendants pay the costs of both courts.

LAND, J., absent.